**IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KING**

| | |
|---|---|
| **JINBUM CHOI,** an individual, and **SANGYOON PARK,** an individual<br><br>Plaintiffs,<br><br>vs.<br><br>**XAVIER TAULEALEA** and **"JANE DOE" TAULEALEA**, individually and the marital community comprised thereof, and **WORLDWIDE FLIGHT SERVICE (WFS),** a corporation,<br><br>Defendants. | NO.                          KNT<br><br>**COMPLAINT FOR PERSONAL INJURIES AND DAMAGES** |

**COMES NOW** the Plaintiff, by and through his attorneys of the *HERRMANN LAW GROUP* and alleges as follows:

### I. NATURE OF ACTION

1.1   This cause of action for negligence is brought to recover all legally entitled compensation for injuries and damages sustained by the Plaintiff and the loss of consortium of his wife, Sangyoon Park, as a result of an airport tug car vehicle collision that occurred on or around Seatac International Airport, on the arrival flight ramp, on January 11, 2022.

### II. PARTIES

2.1   Plaintiff Jinbum Choi was a Korean Airlines employee involved in the collision. He brings this action in his own name for injuries and damages he sustained as a result of the accident. He resides in Seoul, South Korea.

COMPLAINT FOR PERSONAL INJURIES AND DAMAGES AND PROPERTY DAMAGES

1

*HERRMANN LAW GROUP*
505 Fifth Ave. South, Suite. 330
Seattle, WA  98104
P. 206.625.9104
F. 206.682.6710

2.2     Plaintiff Sangyoon Park is the wife of Jinbum Choi. She brings this action in her own name for the loss of consortium for injuries and damages she sustained as a result of the accident. She resides in Seoul, South Korea.

2.3     Defendant Xavier Taulealea was the Worldwide Flight Service driver involved in the collision. The true name of Defendant Xavier Taulealea's wife is unknown. Therefore, she has been designated "Jane Doe" Taulealea and is named as a Defendant in order to secure jurisdiction over Defendant Xavier Taulealea's marital community. They both reside in King County, Washington.

2.4     Defendant Worldwide Flight Service is the employer of Xavier Taulealea.

## III. JURISDICTION & VENUE

3.1     As the subject of this cause of action arises out of a service automobile collision occurring within King County, Washington, this Court has jurisdiction over the subject matter.

3.2     Venue is proper in King County because the negligent actions occurred in SeaTac, Washington.

## IV. FACTS

4.1     All the above paragraphs are incorporated herein by reference.

4.2     On or about January 11, 2022, Plaintiff was working at Seatac Airport in his capacity as a safety security manager for Korean Air. He was working on the runway of Seatac Airport, overseeing incoming Korean Air flights for his job.

4.3     Approximately between 01:00AM through 03:00AM, Plaintiff was on the runway, heading towards the right side of the "wing walker" area of the airport runway to receive an incoming plane. As he walked his way to this area, Defendant Xavier Taulealea was out of position for his role and got into a tug car and drove towards the same area that Plaintiff was approaching. Defendant drove the tug car towards the right side where Plaintiff was walking.

4.4     Per Defendant Worldwide Flight Service investigation report, there was heavy rain and fog that was limiting the visibility of the airport runway. Defendant Taulealea drove the

COMPLAINT FOR PERSONAL INJURIES AND DAMAGES AND PROPERTY DAMAGES

2

HERRMANN LAW GROUP
505 Fifth Ave. South, Suite. 330
Seattle, WA 98104
P. 206.625.9104
F. 206.682.6710

tug car and ran over Plaintiff, knocking him over, and breaking his leg. Defendant was unable to brake in time, causing his tug car to collide into Plaintiff.

## V. CAUSE OF ACTION – NEGLIGENCE OF DEFENDANT XAVIER TAULEALEA

5.1    All of the above paragraphs are incorporated by reference as though fully set forth.

5.2    Defendant Xavier Taulealea was out of position for his job and role, therefore, he had to rapidly get into his tug car and drive into the correct position. Defendant was distracted, neglected his duties as a Worldwide Flight Service employee, negligently drove his tug car and struck Plaintiff.

5.3    The above-described actions on the part of the Defendant, as well as other actions that may be discovered, constitute negligence in that the Defendant failed to exercise due care and that his actions were contrary to several statutes governing the operation of motor vehicles upon the airport runway and roads within the state of Washington.

5.4    Plaintiff Jinbum Choi brings this action to recover full compensation for all his injuries and damages.

5.5    Plaintiff Sangyoon Park brings this action to recover loss of consortium for the injuries sustained and suffered by Plaintiff Jinbum Choi.

## VI. CAUSE OF ACTION – NEGLIGENCE WORLDWIDE FLIGHT SERVICE

6.1    Defendant Worldwide Flight Service is liable for the negligent acts and/or omissions as described by the doctrine of respondeat superior, negligent entrustment, and/or acts of negligence more particularly described after discovery or at the time of trial. As a proximate result of said negligence, plaintiffs were injured, suffering personal injuries as alleged.

## VII. JOINT AND SEVERAL LIABILITY

7.1    Defendant Xavier Taulealea and his marital community and Defendant Worldwide Flight Service are successive tortfeasors. Part or all of the injuries and damages suffered by Plaintiffs as alleged herein constitute indivisible harm caused by each Defendants' separate negligent acts. Defendants are jointly and severally liable for the entire damages suffered by Plaintiffs to the extent that allocation of the damages cannot be made between each Defendants' negligent acts.

COMPLAINT FOR PERSONAL INJURIES AND DAMAGES AND PROPERTY DAMAGES

3

**HERRMANN LAW GROUP**
505 Fifth Ave. South, Suite. 330
Seattle, WA  98104
P. 206.625.9104
F. 206.682.6710

## VIII. VICARIOUS LIABILITY

8.1    At all times material, on information and belief, Defendant Xavier Taulealea was employed by Defendant Worldwide Flight Service who was driving the vehicle involved in the collision on January 11, 2022.

8.2    Defendant Xavier Taulealea was under Defendant Worldwide Flight Service's direct supervision, employment and control when he committed the negligent wrongful acts alleged herein.

8.3    Defendant Xavier Taulealea engaged in this conduct while acting in the course and scope of his employment and/or while serving as an agent of Defendant Worldwide Flight Service.

8.4    Therefore, Defendant Worldwide Flight Service is liable for the wrongful conduct of Defendant Xavier Taulealea under the law of vicarious liability, including the doctrine of *respondeat superior*.

## IX.    DAMAGES

9.1    As a proximate result of the above-described negligence on the part of the Defendant, Plaintiffs suffered serious general damages including, but not limited to, physical injury, pain and suffering, disability, disfigurement, fear and other emotional trauma, the exact nature and full extent of which will be proven at the time of trial. Plaintiffs also suffered special damages including, but not limited to, surgeries, costs of medical treatment, prescriptions, other medical supplies, transportation, and loss of income and other damages, the exact nature and full extent of which will be proven at the time of trial.

## X. RESERVATION

10.1    Plaintiff's investigation is ongoing. Subsequent discovery may very well reveal additional acts of negligence on the part of these Defendant or their agents.

10.2    Further, the exact nature and full extent of the Plaintiff's injuries and damages are not yet known, he may have additional claims or causes of action.

10.3    Accordingly, the Plaintiff reserves the right to subsequently amend this complaint to conform to the evidence.

COMPLAINT FOR PERSONAL INJURIES AND DAMAGES AND PROPERTY DAMAGES — 4

**HERRMANN LAW GROUP**
505 Fifth Ave. South, Suite. 330
Seattle, WA  98104
P. 206.625.9104
F. 206.682.6710

## XI. LIMITED MEDICAL WAIVER

11.1   The Plaintiff hereby waives the physician-patient privilege ONLY to the extent required by RCW 5.60.060, as limited by Plaintiff's constitutional rights of privacy, contractual rights of privacy, and the ethical obligation of physicians and attorneys not to engage in EX-PARTE contact between a treating physician and the patient's legal adversaries.

## XII.  PRAYER FOR RELIEF

12.1   WHEREFORE, the Plaintiff prays for judgment against the defendant in such sums as will fully and fairly compensate plaintiff for his injuries, general damages, special damages, including prejudgment interest as appropriate, and other damages - the exact nature and full extent of which to be proven at trial, together with actual reasonable attorney fees, costs and disbursements, as well as such other relief as the Court deems just and equitable in the premises.

DATED this 15th day of February 2024.

**HERRMANN LAW GROUP**

*/s/ Frank Shin*
Frank Shin, WSBA #56647
Attorney for Plaintiffs

COMPLAINT FOR PERSONAL INJURIES AND DAMAGES AND PROPERTY DAMAGES

5

**HERRMANN LAW GROUP**
505 Fifth Ave. South, Suite. 330
Seattle, WA  98104
P. 206.625.9104
F. 206.682.6710